# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2204005694 |
| | ) | |
| CARL W. EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  July 10, 2024
Date Decided:  August 7, 2024

## ORDER

Upon consideration of Defendant Carl W. Evans ("Evans") *Pro Se* Motion for Postconviction Relief ("Rule 61 Motion"),[1] *Pro Se* Motion for Appointment of Counsel,[2] Superior Court Criminal Rule 61, statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On July 11, 2022, Evans was indicted in the instant case for four counts of Drug Dealing, two counts of Drug Possession, and one count of Endangering the Welfare of a Child.[3]  On December 28, 2022, Evans pled guilty to two counts of Drug Dealing.[4]

(2)    On April 28, 2023, Evans was sentenced as follows: Drug Dealing

---

[1] D.I. 26 (hereinafter "Rule 61 Mot.").
[2] D.I. 27.
[3] D.I. 3.
[4] D.I. 11.  Evans' plea included a violation of probation (VOP) in case number 1306011494 ("A Case"). *Id*.

(IN22-04-1418) 20 years at Level V suspended after 5 years,[5] for 15 years Level IV DOC Discretion suspended after 6 months, for 18 months Level III; and for Drug Dealing (IN22-04-1419), 8 years at Level V suspended after 2 years, for 12 months Level III. [6] Evans was sentenced to a total of 7 years of unsuspended Level V time.

(3)　　On May 18, 2023, Evans filed a Notice of Appeal to the Delaware Supreme Court.[7] On November 6, 2023, with assistance from counsel, Evans filed a Motion to Dismiss his appeal which was granted the same day.[8] On November 13, 2023, Evans submitted a *pro se* motion for sentence modification,[9] which was denied on January 3, 2024.[10]

(4)　　On May 20, 2024, Evans filed the instant Rule 61 Motion alleging ineffective assistance of counsel ("IAC") and a Motion for the Appointment of Counsel.[11] On June 10, 2024, the Court asked Trial Counsel to file an affidavit responding to Evans' IAC claims.[12] Trial Counsel filed his affidavit with the Court

---

[5] The first two years of this sentence are mandatory. D.I. 16.

[6] D.I. 16. Evans was subsequently sentenced for the VOPs in the A Case as follows: VOP Drug Dealing, Aggravated Possession (VN13-06-1376-02), 19 years 11 months at Level V suspended after 5 years, for 1 year Level III; and for VOP Conspiracy Second (VN13-06-1380-02), 2 years at Level V suspended for 1 year Level III. Superior Court Criminal Docket, ID No. 1306011494 ("D.I. _A") at D.I. 44A.

[7] D.I. 19.

[8] D.I. 23.

[9] D.I. 24.

[10] D.I. 25.

[11] D.I. 26, D.I. 27.

[12] D.I. 29. *See* Super. Ct. Crim. R. 61(g)(2) ("If the motion alleges ineffective assistance of counsel, the judge may direct the lawyer who represented the movant to respond to the allegations. Affidavits may be submitted and considered as a part of the record.").

on July 10, 2024.[13]

(5)     Superior Court Rule 61 governs motions for postconviction relief. Pursuant to Rule 61, a movant may seek to dismiss his conviction by establishing a lack of jurisdiction, or other alternative grounds that sufficiently forms a factual and legal basis for a collateral attack upon conviction.[14]  Before considering the merits of any motion for postconviction relief, the Court must first look to if any procedural bars to relief exist.[15]  Rule 61(i)(1) requires the motion be filed within one year after a judgment of conviction is final.[16]  Rule 61(i)(2) bars successive motions.[17] Pursuant to Rule 61(i)(3) and (4) any ground for relief not previously raised is waived, and any claims formerly adjudicated are thereafter barred.[18]

(6)     This is Evans' first Rule 61 Motion, and it is timely.[19]  Pursuant to Rule 61(i)(3) any claim for relief not previously asserted is considered waived; however, IAC claims cannot be raised at any earlier stage in the proceedings and are properly

---

[13] D.I. 30 (hereinafter "Trial Counsel's Aff.").
[14] *See* Super. Ct. Crim. R. 61(e)(3).
[15] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[16] Super. Ct. Crim. R. 61 (i)(1).
[17] *Id.* at 61(i)(2).  Subsequent motions must satisfy the pleading requirements of Rule 61(d)(2).  *Id.*
[18] *Id.* at 61(i)(3)-(4).  This includes proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding. *See id.* 61(i)(4), (d)(2)(i)-(ii).
[19] If a defendant does not file a direct appeal, a conviction is deemed final 30 days after sentencing. *Id.* at 61(m)(1).  Although Evans did file a direct appeal to the Delaware Supreme Court, he later withdrew it, so his conviction became final the day the appeal was dismissed on November 6, 2023.  D.I. 23.  The instant Rule 61 Motion was filed on May 20, 2024, well within the one-year time frame. D.I. 26.

3

brought in a motion for postconviction relief.[20]

(7) Evans makes three IAC claims: (1) Trial Counsel failed to file a motion to suppress the search of Evans' home, (2) Trial Counsel failed to provide Evans with discovery materials, and (3) Trial Counsel failed to communicate with Evans.[21]

(8) To succeed on an IAC claim, a movant must satisfy the two-part test set out in *Strickland v. Washington*.[22] A movant must show that: (1) trial counsel's performance was objectively unreasonable,[23] and (2) there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[24] When relying on conclusory, rather than concrete allegations of prejudice, a movant risks summary dismissal.[25] While *Strickland* is a two-part test, if the court finds that there is no possible showing of prejudice, the claim may be dismissed on that basis alone.[26] In the context of a guilty plea, to satisfy *Strickland* a defendant must demonstrate how counsel's deficiencies

---

[20] *See Sabb v. State*, 2021 WL 2229631, at *2 (Del. May 28, 2021); *Green v. State*, 238 A.3d 160, 175-76 (Del. 2020); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evans-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[21] Rule 61 Mot.

[22] *Strickland v. Washington*, 466 U.S. 668 (1984).

[23] *Sykes v. State*, 147 A.3d 201, 211 (Del. 2015) (citing *Strickland*, 466 U.S. at 694).

[24] *Strickland*, 466 U.S. at 694.

[25] *Outten v. State*, 720 A.2d 547, 554-56 (Del. 1998).

[26] *Strickland*, 466 U.S. at 687, 697; *see State v. Gattis*, 1995 WL 562254, at *4 (Del. Super. Aug. 24, 1995) ("[I]f the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.").

impacted the movant's decision to enter into a plea.[27]

I.      First IAC Claim – Trial Counsel failed to file a motion to suppress evidence illegally obtained from Evans' home

(9)      Evans claims the search of his home was an improper use of an administrative warrant under 11 *Del. C.* § 4321 and violated Probation and Parole Procedure 7.19.[28]

(10)      When a defendant pleads guilty, that guilty plea "constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea."[29] "This includes any claims that counsel failed to file a [m]otion to [s]uppress."[30] Evans waived this claim when he entered his plea.[31]

II.      Second IAC Claim – Trial Counsel withheld discovery

(11)      Evans asserts that Trial Counsel withheld discovery information from

---

[27] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (stating that *Strickland* applies to guilty plea challenges based on an IAC claim); *see State v. Kinderman*, 2024 WL 323503, at *2 (Del. Super. Jan. 26, 2024) ("When addressing the prejudice prong of the IAC test in the context of a challenged guilty plea, an inmate must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'").

[28] Rule 61 Mot.

[29] *State v. Sturgis*, 2018 WL 6046759, at *2 (Del. Super. Nov. 19, 2018); *see also Johnson v. State*, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008).

[30] *State v. Morales*, 2021 WL 1235813, at *5 (Del. Super. Apr. 1, 2021); *see also State v. Morales*, 2021 WL 1235813, at *2 ("It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, 'even those of constitutional dimensions.'").

[31] *See State v. Braxton*, 2021 WL 4462593, at *3 (Del. Super. Sept. 28, 2021) ("[Defendant] waived any claim that trial counsel was ineffective for failing to pursue suppression or evidentiary hearings when he entered his guilty pleas."). The Court further notes that Trial Counsel in his affidavit states that he did not file a motion to suppress because, "[t]he search of Evans' house was considered an administrative search which Counsel considered lawful considering the diminished expectations of privacy granted to individuals on probation." Trial Counsel's Aff. ¶ 1.

him that would have impacted his decision to plead guilty.[32] Nothing in the record supports Evans' claim that Trial Counsel withheld discovery from him, and Evans fails to explain how the allegedly withheld discovery would have changed his decision to plead guilty. Trial Counsel states in his affidavit that he met with Evans numerous times by video call to discuss the evidence against him.[33] Trial Counsel further stated that "[b]ecause of the unusual nature of the contraband in this case as well as the circumstances of his arrest, Counsel recalls going over in detail the evidence the state would use against Evans in this case with him."[34] Evans' second stated ground for relief is without merit.

III.   Third IAC Claim – Trial Counsel failed to communicate

(12) Evans claims Trial Counsel's failure to communicate with him adversely impacted his defense,[35] but Evans offers no support for this claim, and the record indicates that Trial Counsel met with Evans, either in person or video call, at least six times.[36] There is no indication in the record that Evans and his Trial Counsel had issues with communication, and Evans has not alleged how any additional communication between the two would have changed his decision to plead guilty.

---

[32] Rule 61 Mot.
[33] Trial Counsel's Aff. ¶ 2.
[34] *Id.*
[35] *See* Rule 61 Mot.
[36] *See* Trial Counsel's Aff. ¶ 3 (Trial Counsel states he met with Evans before his preliminary hearing, had video calls with Evans on or about October 1, 2022, November 6, 2022, December 14, 2022, a day in the last week of January 2023, and on April 18, 2023, and had contact with Evans during case reviews to discuss the case).

6

The Court notes that during his plea colloquy Evans stated that he was satisfied with Trial Counsel's representation.[37]

* * *

(13) The record does not support Evans' claims, and Evans fails to argue how Trial Counsel's alleged deficiencies impacted his decision to plead guilty. The Court addressed Evans in open court and after a thorough colloquy determined that Evans entered his plea, knowingly, intelligently, and voluntarily.[38] Evans' stated grounds for relief are without merit and therefore his Rule 61 Motion must be **DENIED**.

## IV.   Motion for Appointment of Counsel

(14)   Pursuant to Rule 61(e)(3), a judge may appoint Rule 61 counsel only if a movant meets the following requirements:

> (i) The conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance

---

[37]   THE COURT: Has Mr. Wilkinson been able to answer all of your questions throughout all of this?
MR. EVANS: Yes, your Honor.
THE COURT: Are you satisfied he's done everything he can do under the circumstances?
MR. EVANS: Yes, your Honor
D.I. 20 (hereinafter "Guilty Plea Colloquy") at 9:19–23, 10:1.

[38] *See generally* Guilty Plea Colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[39]

(15) Evans fails the first prong. He voluntarily dismissed his appeal, and therefore his judgment of conviction was never affirmed on direct appellate review.[40] He also fails on the second prong. As discussed above, his Rule 61 Motion does not set forth a "substantial claim" to establish an IAC claim, nor has Evans shown any "exceptional circumstances" that warrant appointment of counsel.[41] Therefore, Evans' Motion for Appointment of Counsel is **DENIED**.[42]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Evans' Motion for Postconviction Relief and Motion for Appointment of Counsel are **DENIED**.

**IT IS SO ORDERED.**

      /s/ Jan R. Jurden      
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Beth D. Savitz, DAG
       Carl W. Evans (SBI #00558322)

---

[39] Super. Ct. Crim. R. 61(e)(3).
[40] *See* D.I. 23.
[41] Rule 61 Mot. *See State v. Stanford*, 2017 WL 2484588, at *6 (Del. Super. June 7, 2017).
[42] *See State v. Miller*, 2013 WL 871320, at *11 (Del. Super. Feb. 26, 2013) (citing *Martinez v. Ryan,* 132 S.Ct. 1309 (2012)) ("[T]he United States Supreme Court in *Martinez* made it clear that when . . . a Rule 61 motion is insubstantial, wholly lacking in merit, and wholly without any factual support, a request for the appointment of counsel is properly denied.").